# CHARLES H. BUCKMINSTER *v.* JOHN THOMPSON AND OTHERS.

THE Defendant Thompson, by lease dated April 28, 1862, demised to Plaintiff and to David Logan, his deceased partner, certain premises in the city of Brooklyn, for one year from May 1, 1862, with a privilege of continuing for an additional year, provided notice in writing was given before February 1, 1863. The lease contained a covenant not to underlet, not to occupy for any business deemed extra hazardous, and that, if the premises became vacant during the term, the lessor might reënter and let the same. It then proceeded as follows : " And the said party of the first part hereby agrees, in case said parties of the second part shall then be tenants of said premises, to first offer the said property so demised for sale to and purchase by them, for the sum of twenty-five thousand dollars." The Plaintiff, the lessee, alleges that he incurred large expense in anticipation of a purchase under this provision ; that during his term, and again near its end, he gave notice to the Defendant that he wished to purchase for $25,000, under the said provision, and requested a deed. The Defendant refusing to comply with such request, the Plaintiff filed his bill asking a specific performance under the clause quoted. The referee held that the action could not be sustained, and the General Term of the Second District affirmed the judgment entered upon his report. The Plaintiff now appeals to this Court.

*Man Parsons* for Appellant.

*F. Byrne* for Respondent.

HUNT, J.—While it is quite difficult to decide what is the real meaning of the covenant in question, it is not so difficult to determine what it does not mean. I should not readily adopt an affirmative construction, but I am clearly of the opinion that it does not mean what the Appellants claim, viz. : " that the lessor agreed, so long as the lessees should be tenants of the premises, in case said parties of the second part shall then be

tenants, to offer them for sale to them at $25,000 ; that there was an absolute agreement to offer the premises to the lessees at $25,000, with the sole proviso that the lessees should then be tenants." This construction does not relieve from the embarrassment occasioned by the words " then " and " first," but practically ignores their existence. The sentence in question is an isolated one. Neither in the sentence, or before or after it, do I find any subject to which " the " and " then " can properly be referred ; neither can any appropriate place or meaning be assigned to the word " first," and yet they have both been written down as forming a part of the terms of the proviso. By the Appellant's argument the word " first " must be ignored entirely, and the word " then " must be construed to mean " during the term " or " so long as." To write out the sentence, with this modification, will be found to be difficult. Indeed, it cannot be done, and make a complete or intelligible sentence. I do not think it safe to adopt a construction which requires abandonment of a portion of the language, and an inversion of another portion. Neither do I think the contract can be continued or claimed by the Respondent, who read it thus : " In case the lessor offers the property for sale for $25,000, then he will first offer it to the lessees at that price." To reach this construction, it is necessary to omit as superfluous the words " in case said parties of the second part shall then be tenants of said premises," and interpolate the words " in case the said lessor determines to sell at $25,000." This would perfect the imprudent construction, and nothing less would accomplish it. The proviso is imperfect and incomplete. In my judgment, it does not contain an absolute agreement to sell to the lessees for $25,000 during or at the expiration of this term. The Plaintiff's claim for a specific performance is based upon that idea, and must therefore fail. In any event the claim is too doubtful and ambiguous to sustain the present action (2 Story Eq. § 64).

Judgment should be affirmed.

Affirmed.

JOEL TIFFANY,
State Reporter.