MIGUEL GARCIA, as Executor, etc., Appellant, *v.* MARY R. CALLENDER, Respondent.

A deed executed by plaintiff's testator to defendant's ancestor contained a covenant on the part of the grantee, her heirs and assigns, that the grantor should "at any time" have the right of pre-emption of the premises conveyed "at and after the same price" as that stated in the deed as the consideration for the conveyance. Plaintiff tendered to defendant the sum specified and demanded a conveyance of the premises which was refused. In an action to compel a specific performance, it appeared, and the trial court found, that the property was worth more than double the amount tendered, also that defendant had never offered it for sale and did not intend to sell. *Held,* that the covenant simply gave to the grantor, in case the owner desired or offered to sell at the price specified, the option to purchase at that price in preference to any other person; and so, that the action was not maintainable.

Reported below, 53 Hun, 12.

(Argued December 17, 1890; decided January 13, 1891.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 24, 1889, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John J. Weeks, Jr.,* for appellant. The right of pre-emption given by the covenant was an absolute right to repurchase the premises at any time. (*Randall* v. *Sanders,* 87 N. Y. 578, 583; 2 Stephen's Comm. [8th ed.] 539; Manning on Law of Nations, 393; 1 Chitty on Comcl. Law, 103; U. S. R. S. chap. 4; *Lytle* v. *State of Arkansas,* 9 How. [U. S.] 314; *Sturk* v. *Starrs,* 6 Wall. 402; *Aikens* v. *Ferry,* 6 Sawyer, 79; *Brown* v. *Dewey,* 2 Barb. 29; *Jackson* v. *Schutz,* 18 Johns. 174, 187; *Glover* v. *Payn,* 19 Wend. 520; *Conway* v. *Alexander,* 7 Cranch, 236; *Whitney* v. *Townsend,* 2 Lans. 249; *Macaulay* v. *Porter,* 71 N. Y. 173; 4 Kent's Comm. 144.) In construing a covenant or restriction where there is doubt or ambiguity, it must be construed most favorably to the party in whose favor the covenant or restriction is made, and most strongly against the party covenanting or imposing a restriction upon himself. (*Hoffman* v. *A. Ins. Co.,* 32 N. Y. 413; *Ripley* v. *Larmouth,* 56 Barb. 21, 25; *Allen* v. *S. L. Ins. Co.,* 85 N. Y. 473, 477; *Edsall* v. *C. & A. R. R. Co.,* 50 id. 661.) The judgment should be reversed, and as the facts are wholly undisputed, absolute judgment should be granted for plaintiff. (*King* v. *Barnes,* 109 N. Y. 283; *In re Martin,* 98 id. 193; *Beach* v. *Cooke,* 28 id. 509.)

*Henry H. Anderson* for respondent. The words "right of pre-emption" mean the right to buy first. The plaintiff's contention that pre-emption is an absolute contract of sale, leaving the time for performing the contract entirely open at the discretion of the grantor, or his heirs or assigns, forever — a perpetual option to seize the property, is erroneous. (*Towle* v.

*Palmer*, 1 Robt. 446; *Mayor, etc.*, v. *Hart*, 95 N. Y. 456; *Furman* v. *City of New York*, 5 Sandf. 43; *Armour* v. *Alexander*, 10 Paige, 571; *Wilson* v. *Jackson*, 13 Pet. 498; *United States* v. *Fitzgerald*, 15 id. 407; *Lytle* v. *State of Arkansas*, 9 How. [U. S.] 533; *Cunningham* v. *Ashley*, 14 How. Pr. 377; *Brainard* v. *Ashley*, 18 id. 44; *Garland* v. *Wynn*, 20 id. 6; *Harkness* v. *Underhill*, 1 Black, 335; U. S. R. S. §§ 2269, 2273.)   If the plaintiff's interpretation of this covenant is correct, the effect would be to make the property inalienable, except to the grantor in the deed, and such covenant would be void as inconsistent with, or repugnant to, the grant of an estate in fee simple. (*DePeyster* v. *Michael*, 6 N. Y. 490.)

O'BRIEN, J.   The plaintiff brought this action to compel the defendant to specifically perform a covenant contained in a deed of real estate executed by the plaintiff's testator to the defendant's ancestor, or to recover his damages for breach of the covenant.   On the 24th of October, 1854, John Garcia, the plaintiff's testator, conveyed to Jane J. Callender, the defendant's mother, in consideration of $12,000, a dwelling-house on Twentieth street, between Fifth and Sixth avenues, in the city of New York.   The defendant is in possession of the premises as heir at law of the grantee in this deed.   The conveyance contains covenants of seizen and warranty, and then follows the special covenant which gave rise to this action: "And the said party of the second part, for herself, her heirs and assigns, doth hereby further covenant and agree to, and with the said party of the first part, his executors, administrators and assigns, that the said party of the first part, his heirs, executors and administrators, shall at any time have the right of pre-emption of the premises above described and conveyed to the said party of the second part by the party of the first part at and after the same price as the above-mentioned consideration for the conveyance, to wit, the sum of twelve thousand dollars ($12,000), and the said party of the second part, for herself, her heirs and assigns, doth further

covenant and agree to, and with the said party of the first part, his executors, administrators and assigns, that she, the said party of the second part, will not make, or cause to be made, any change or alteration in the exterior appearance of the building now erected on the premises above described that will destroy or alter its present uniform appearance with the buildings adjoining on each side." It is alleged in the complaint that the premises are now worth the sum of $35,000, and it is found by the trial court that before the commencement of this action the plaintiff tendered to the defendant $12,000 and demanded a conveyance of the same to him, which was refused. Also, that the defendant had never offered the property for sale; that it was not for sale, and that defendant did not intend to sell it, and that its value was $28,000. No proof was given upon the trial to show what was the purpose of the parties in inserting this peculiar covenant in the deed, and we must, therefore, give construction to it from the language alone. In *Randall* v. *Sanders* (87 N. Y. 578) it was held that in a sale and conveyance of lands it was competent for the grantor and grantee to contract with each other for a resale, but in that case, the instrument provided in terms for a conveyance of the property within a period named, and for a specified sum. In this case the right given to the grantor by the words of the covenant is that of "pre-emption of the premises" for the price of $12,000, and the question is, what did the parties mean by that term, for this covenant must be construed, like all other contracts, according to the intention of the parties, to be gathered from the language used and all the surrounding circumstances. Whatever right was given by the covenant was to be exercised "at any time," and the plaintiff contends that after the lapse of thirty-one years, when the parties to the deed are both dead, he has the right to tender the $12,000 and compel a conveyance to him, though the property is admitted to be worth considerable more than double the sum tendered. If the covenant is fairly susceptible of some other construction than the one urged by the plaintiff, it ought to be given to it. The term "pre-emption," at common

law, was used to express the right of the king through his purveyors to buy provisions and other necessaries for the use of his household at an appraised value in preference to all others, and even without the consent of the owner.    And also, of forcibly impressing the carriages and horses of the subject to do the king's business on the public roads in the convey-ance of timber, baggage and the like, however inconvenient to the owner, upon paying him a settled price.    (1 Shars. Black. Com. 287 ; 1 Steph. Com. [8th ed.] 539 ; Webster's Dict. Pre-emption.)

In international and commercial law the term is used as expressive of the right of a nation or country to detain the goods of strangers passing through its territories and seas in order to afford to its own subjects or citizens a preference of purchase.    (Chitty Com. Law, 103 ; Manning's Law of Nations, 393, 395 ; 2 Bouv. Law Dict. 361.)

It is quite safe to conclude that when the covenant in ques-tion was made, the parties to it must have used the word in some other sense, and for the purpose of expressing some other idea.    In this country the term has been given a peculiar meaning in common parlance, as well as in the practice of the departments of the government of the United States charged with the duty of administering the regulations of congress for the sale of the public lands to settlers.    The right of a person to purchase some part of the public lands at a specified price, when opened for sale, in preference to anyone else is called the right of pre-emption in the practice of the govern-ment and in the decisions of the United States Courts.    The term is used here to express the idea that some one has the first right to purchase, when the land is offered for sale, or the option of buying first.    This meaning of the word is recog-nized in the acts of congress and in numerous cases.    (*U. S.* v. *Fitzgerald*, 15 Peters, 407; *Wilcox* v. *Jackson*, 13 id. 498; *Lytle* v. *State of Arkansas*, 9 How. [U. S.] 314 ; *Cunningham* v. *Ashley*, 14 id. 377 ; *Barnard's Heirs* v. *Ashley's Heirs*, 18 id. 44; *Garland* v. *Wynn*, 20 id. 6; 2 Bouv. Law Dict. 361; Rev. Stat. U. S. §§ 2269, 2273.)

In this state grants of land under water heretofore made by the state to the city of New York were subject to the condition that when the city offers such lands for sale, the owner of the adjacent uplands shall have the first right to purchase the same. This peculiar right of the owner of adjacent uplands is called by the courts and in common language the right of pre-emption. (*Mayor, etc.*, v. *Hart*, 95 N. Y. 456; *Furman* v. *The City, etc.*, 5 Sand. 43; *Towle* v. *Palmer*, 1 Robt. 437, 446.)

We think that it was in this sense that the term was used in the covenant in question. It meant, not that the grantor could at any time require a reconveyance on tendering $12,000, but that when the owner desired to sell the property or offered it for sale or when it was put upon the market again at the price of $12,000, then the grantor should have the first right of purchase or the option to buy it in preference to anyone else at that price.

If this is the correct construction to be given to the words of the covenant then the plaintiff was not entitled to recover.

The judgment should be affirmed, with costs.

All concur, except RUGER, Ch. J., and EARL, J., not voting.

Judgment affirmed.