IDA SANDBERG, Appellant, *v.* DELIA A. REILLY, Respondent.

First Department, March 2, 1928.

**Vendor and purchaser — specific performance of option to purchase contained in lease — lease gave tenant option to purchase for $22,000 — tenant is not required to pay said amount over and above mortgages.**

The plaintiff seeks to have enforced an option contained in a lease to the effect that "the landlord herein hereby gives this tenant an option to purchase these premises at any time before the expiration of this lease for the sum of Twenty-two Thousand Dollars." The contention by the defendant that the plaintiff

must pay $22,000 over and above mortgages of $9,000 against the property cannot be sustained for the option entitles the plaintiff to a title free from all incumbrances upon the payment of $22,000.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 10th day of June, 1927.

*William L. O'Brion* of counsel [*Webster F. Williams*, attorney], for the appellant.

*Bernard J. McEntegart*, for the respondent.

MARTIN, J. On January 30, 1924, the plaintiff leased a piece of property from the defendant known as No. 304 East Fiftieth street, New York city, occupied as a rooming house, for a term of four years from February 1, 1924, to January 31, 1928, at an annual rental of $1,800. At the same time the plaintiff purchased from the defendant the chattels contained in the house for the sum of $3,000.

The lease contained the following clause: " The landlord herein hereby gives this tenant an option to purchase these premises at any time before the expiration of this lease for the sum of Twenty-two Thousand Dollars."

The plaintiff exercised the option given by the terms of the lease but the defendant refused to sell the property unless the plaintiff paid $22,000 over and above the mortgages which are a lien on said property to the extent of $9,000.

This action was then brought by the lessee to compel specific performance of the contract, the lessee contending that upon payment of $22,000 she was entitled to a deed of the property.

The contract here under consideration was not only in writing but under seal. Although it was not ambiguous in any particular the Special Term permitted the introduction of oral evidence of transactions prior to, contemporaneous with and subsequent to the making of the contract, varying and contradicting its terms, and also opinion evidence of the value of the property at both the time of the making of the contract and at the time of the trial.

The contract was not only clear and concise but fully stated the terms upon which the property would be sold. The plaintiff had an option to purchase the property in question at any time before the expiration of the lease for the sum of $22,000. That meant that the plaintiff was entitled to a title free from all incumbrances.

Where there is an undoubted undertaking to convey, but no definite mention of the estate to be conveyed, the parties will be deemed to have dealt with the premises according to the usual

and ordinary meaning in which their language when applied to the circumstances would be understood.

When an option to buy at a certain definite sum is given by the contract, upon payment of that sum the purchaser is entitled to become the absolute owner of the property, not a part interest in it, or subject to some superior charge which might exceed the whole purchase price. (*Matter of Hunter*, 1 Edw. Ch. 1; *Bullock* v. *Cutting*, 155 App. Div. 825; *McCormick* v. *Stephany*, 61 N. J. Eq. 208, 221.)

The defendant is endeavoring to have the court make a new agreement. The court must construe the agreement as made and may not make a new agreement by construction. (*Bedell* v. *Edgett*, 120 App. Div. 451, 453.)

In *Schoonmaker* v. *Hoyt* (148 N. Y. 425) the court laid down a rule which is applicable here, where it said: " In the construction of contracts or statutes the intention of the parties or Legislature is to be sought in the words and language employed, and if the words are free from ambiguity and express plainly the purpose of the instrument, there is no occasion for interpretation. Contracts or statutes are to be read and understood according to the ·nature and obvious import of the language, without resorting to subtle and forced construction for the purpose of either limiting or extending their operation. Courts cannot correct suspected errors, omissions or defects, or by construction vary the contracts of parties. If the words employed convey a definite meaning, and there is no contradiction or ambiguity in the different parts of the same instrument, then the apparent meaning of the instrument must be regarded as the one intended. (*McCluskey* v. *Cromwell*, 11 N. Y. 593, 601; *Johnson* v. *Hudson River R. R. Co.*, 49 N. Y. 455, 462; *Benton* v. *Wickwire*, 54 N. Y. 226.) "

If the contention of the defendant is correct, the plaintiff instead of paying $22,000 for the property in question, must pay $31,000, concededly much more than its value and a far greater sum than that at which the defendant was willing to sell.

The plaintiff is entitled to a modification of the judgment so that it will provide for a transfer of the property to plaintiff for $22,000 and not $22,000 plus the mortgages.

The judgment should, therefore, be modified in accordance with this opinion and as so modified affirmed, with costs to appellant.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Judgment modified in accordance with the opinion and as so modified affirmed, with costs to the appellant. Settle order on notice.