R. I. REALTY COMPANY, INC., Respondent, *v.* JOHN R. TERRELL, Appellant.

(Argued May 5, 1930; decided June 3, 1930.)

*Reginald Condon Smith* and *Robert P. Griffing* for appellant. The clause on which the plaintiff depends is insufficient to constitute an option to purchase. (*Buckmaster* v. *Thompson*, 36 N. Y. 558; *Stanton* v. *Miller*, 58 N. Y. 192; *Davis* v. *Epoch Producing Corp.*, 91 Misc. Rep. 631; *Baurman* v. *Binzin*, 16 N. Y. Supp. 342; *Geer* v. *Clark*, 83 App. Div. 292; *Crouse* v. *Frothingham*, 97 N. Y. 105; *Milliman* v. *Huntington*, 68 Hun, 258; *Burbach* v. *Sinram*, 237 N. Y. 600; *Sargent* v. *Vought*, 194 App. Div. 807; *Garcia* v. *Callender*, 125 N. Y. 307; *Wells* v. *Fisher*, 237 N. Y. 79; *Holloway* v. *Schmidt*, 33 Misc. Rep. 747; *Koppi* v. *Gallagher*, 133 Misc. Rep. 79; 223 App. Div. 713.)

*Milton Pinkus* and *Thomas J. Cuff* for respondent. The complaint states a cause of action. (*Jurgensen* v. *Morris*, 194 App. Div. 92; *Bullock* v. *Cutting*, 155 App. Div. 825; *Burbach* v. *Sinram*, 237 N. Y. 600; *Stetler* v. *Transit Co.*, 258 Penn. St. 299; *Cloverdale* v. *Littlefield*, 240 Mass. 129; *Tanlum* v. *Keller*, 123 Atl. Rep. 298; *Willenbrock* v. *Latulippe*, 125 Wash. 168; *Wells* v. *Fisher*, 237 N. Y. 79; *American Aniline Prod. Co.* v. *Mitsui*,

190 App. Div. 485; *Emmett* v. *Penoyer*, 151 N. Y. 564; *Smathers* v. *Standard Oil Co.*, 199 App. Div. 368; 233 N. Y. 617; *Brimberg* v. *Herzig Co.*, 200 App. Div. 106; *Sun Oil Co.* v. *Heller*, 248 N. Y. 28; *Levy* v. *Forster*, 224 App. Div. 463; *Liondale* v. *Gerver*, 197 App. Div. 345; *New York House Wrecking Co.* v. *O'Rourke*, 92 App. Div. 217; 181 N. Y. 564; *Mullen* v. *Washburn*, 224 N. Y. 413; *Trumbull* v. *Bombard*, 171 App. Div. 700; 225 N. Y. 638; *Sanberg* v. *Reilly*, 250 N. Y. 547; *Garelik* v. *Rennard*, 116 Misc. Rep. 352; *Grosso* v. *Spover*, 123 Misc. Rep. 796; *Farone* v. *Hall*, 128 Misc. Rep. 794; *Baltzen* v. *Nicolay*, 53 N. Y. 467; *Pumpelly* v. *Phelps*, 40 N. Y. 59; *Grosso* v. *Sporer*, 123 Misc. Rep. 796; 220 App. Div. 807.)

Hubbs, J. The complaint alleges that the defendant executed a lease to the plaintiff's assignor who went into possession of the premises leased and thereafter assigned the lease to the plaintiff corporation. The lease contained a clause which reads: " Said party of the second part is given first privilege to buy said property for the sum of ($14,000.00) Fourteen thousand Dollars." The plaintiff notified the defendant that it elected to exercise the option to purchase. The defendant refused to convey the premises. This action is to recover damages suffered by the plaintiff by reason of the defendant's failure to convey.

Upon the motion to strike out the affirmative defenses contained in the answer, the appellant invoked the rule that such motion should be denied if the complaint fails to state a cause of action. (*Baxter* v. *McDonnell*, 154 N. Y. 432.)

The first question certified to this court requires us to determine whether the clause quoted from the lease constitutes a valid legal option requiring the lessor to convey the premises at any time during the term of the lease upon receiving from the lessee or her assignee the sum of $14,000. The complaint does not allege that the defendant conveyed the premises to any one else or that he desired to sell the premises.

The contention of the appellant is that the clause is imperfect and incomplete and does not contain an absolute agreement to sell the premises to the lessee for $14,000 and that it only obligated the lessor to convey to the lessee in case he wished to sell to another during the term of the lease for $14,000, in which event he was bound to give the lessee the " first privilege to buy " the premises for the price specified.

The respondent's position is that the legal effect of the words is to give the lessee an absolute right to purchase the premises at the price named. If that position is correct, the lessor was deprived of the right to determine whether or not he wished to sell.

The use of the words " first privilege " indicates that the parties must have had in mind some other opportunity of the lessor to sell and that the lessor was not prevented from selling to another if he desired. It bound the lessor, however, not to sell to another for that price without first giving the lessee the opportunity or privilege to purchase the property at the price specified, and, if the lessee did not exercise the privilege to purchase, the lessor was free to sell to any one else. The words " first privilege " did not grant an absolute option to the lessee to purchase the premises at any time during the term of the lease. The right of the lessee to purchase depended upon the lessor's desire to sell. If the lessor desired to sell at the price named, then the lessee was to have the " first privilege to buy " at the figure specified.

In construing the clause in question the court is required to give some meaning to all the words used. To construe the clause in accordance with the contention of the respondent would require that the word " first " be eliminated. With that word eliminated, the privilege to buy would be absolute and enforceable. (*Sandberg* v. *Reilly*, 223 App. Div. 57; affd., 250 N. Y. 547.) Therefore, it must have been used to prevent the agreement from constituting an absolute option to sell. The

phrase " first privilege to buy " and the words " privilege to buy " have an entirely different meaning; one is conditional and the other absolute. This court has decided in actions for specific performance that agreements substantially like the one in question could not be enforced in an action in equity. (*Buckmaster* v. *Thompson*, 36 N. Y. 558; *Burbach* v. *Sinram*, 237 N. Y. 600.) The same conclusion has been announced by other courts of the State. (*Sargent* v. *Vought*, 194 App. Div. 807; *Koppi* v. *Gallagher*, 133 Misc. Rep. 79; affd., 223 App. Div. 713; *Holloway* v. *Schmidt*, 33 Misc. Rep. 747.)

The same conclusion has been reached in law actions to recover damages.

In *Cloverdale Company* v. *Littlefield* (240 Mass. 129), an action to recover damages for breach of an agreement to re-lease, it was decided that the words " ' first right to re-lease ' in common use plainly imports not an absolute and unqualified right in the lessee to have a re-lease at the expiration of the existing lease, but merely a preferential right to have a re-lease at the option of the lessee in the event the lessors then desired to lease the property." The same result was arrived at in the case of *Garcia* v. *Callender* (125 N. Y. 307), which was an action to recover damages for breach of a covenant giving a grantor the first right to repurchase.

The only case in this State which has been called to our attention where a different view has been expressed is in the case of *Wells* v. *Fisher* (205 App. Div. 212). In that case there were other terms of the lease which favored the construction placed by that court upon the words " first privilege of purchasing." That case was reversed in 237 N. Y. 79, upon another ground. In the opinion it was clearly pointed out that this court did not approve the decision of the Appellate Division upon the question involved in this case. Courts of other States have reached conclusions contrary to the decisions in this State and in Massachusetts. (*Steller* v. *Transit Co.*, 258

Penn. St. 229; *Tantum* v. *Keller*, 95 N. J. Eq. 466; affd., 96 N. J. Eq. 672; *Willenbrock* v. *Latulippe*, 125 Wash. 168.)

After careful consideration of those decisions, we deem it advisable to adhere to the former decisions of this court.

The order of the Appellate Division and that of the Special Term should be reversed and the motion denied, with costs in all courts. The first question should be answered in the negative and the second question not answered.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG and O'BRIEN, JJ., concur; LEHMAN, J., not sitting.

Ordered accordingly.