DALE CARNEGIE COURSES CORPORATION, Appellant, *v.* EASTERN COURSES CORPORATION and GUS W. CAMPBELL, Respondents.

First Department, February 13, 1942.

*Murray B. Hillman*, for the appellant.

*John M. MacGregor*, for the respondents.

CALLAHAN, J. In 1939 the plaintiff and the defendant Campbell entered into a written contract whereby the plaintiff granted to Campbell the exclusive right to offer plaintiff's educational courses to the public in certain counties in the State of New York and in portions of New Jersey and Connecticut. The agency was to continue for two years beginning September 7, 1939, and ending September 7, 1941. This contract was assigned by Campbell

to Eastern Courses Corporation, with the consent of plaintiff. The contract contained the following clause:

" 18. It is understood and agreed that Campbell shall have and is hereby given first option on renewal of this contract for a period of three to five years following the termination of this contract on the same terms unless other terms are mutually agreed upon and providing $3,000 (three thousand dollars) a year is guaranteed by Campbell as a minimum royalty payment to Carnegie."

Prior to the expiration of the term of the contract, the defendants notified plaintiff in writing of their intention to renew same for a period of five years. Plaintiff wrote defendants in answer thereto that after the expiration date it intended to operate the business itself in the area covered by the contract. Defendants offered to guarantee $3,000 a year to the plaintiff as a minimum royalty payment for the five-year renewal period. They contended that the eighteenth clause of the contract gave them an absolute right of renewal.

Thereupon plaintiff brought this action for a judgment declaring the rights and relations of the parties under the contract, and particularly under the eighteenth clause thereof, and enjoining and restraining the defendants from continuing their activity under the agreement after September 7, 1941. Defendants answered the complaint, whereupon both sides moved for judgment on the pleadings. Neither side contends that any issue of fact exists. Special Term denied plaintiff's motion, and granted defendants' cross-motion for judgment. Plaintiff appeals, and the issue thus presented is solely one of the construction of the contract above referred to.

We think that judgment should have been rendered in favor of the plaintiff rather than in favor of the defendants. As we construe the contract, it does not grant the agent any absolute right to renew, but merely a first option or right to continue as plaintiff's agent in the territory allotted, in the event plaintiff determines to have any agent representing it in that territory. As plaintiff has determined to do away with any agency therein, no right to renewal exists.

We find that the question of construction presented herein is quite similar to that involved in the case of *R. I. Realty Co., Inc.,* v. *Terrell* (254 N. Y. 121). The case cited concerned the right of a tenant to buy real property leased to it under a clause in its lease which read: " Said party of the second part is given first privilege to buy said property for the sum of ($14,000.00) Fourteen thousand Dollars." There the court said:

" In construing the clause in question the court is required to give some meaning to all the words used. To construe the clause in accordance with the contention of the respondent would require that the word ' first ' be eliminated. With that word eliminated, the privilege to buy would be absolute and enforceable. (*Sandberg* v. *Reilly*, 223 App. Div. 57; affd., 250 N. Y. 547.) Therefore, it must have been used to prevent the agreement from constituting an absolute option to sell. The phrase ' first privilege to buy ' and the words ' privilege to buy ' have an entirely different meaning; one is conditional and the other absolute. This court has decided in actions for specific performance that agreements substantially like the one in question could not be enforced in an action in equity. (*Buckmaster* v. *Thompson*, 36 N. Y. 558; *Burbach* v. *Sinram*, 237 N. Y. 600.) The same conclusion has been announced by other courts of the State. (*Sargent* v. *Vought*, 194 App. Div. 807; *Koppi* v. *Gallagher*, 133 Misc. Rep. 79; affd., 223 App. Div. 713; *Holloway* v. *Schmidt*, 33 Misc. Rep. 747.)

" The same conclusion has been reached in law actions to recover damages.

" In *Cloverdale Company* v. *Littlefield* (240 Mass. 129), an action to recover damages for breach of an agreement to re-lease, it was decided that the words ' " first right to re-lease," in common use plainly imports not an absolute and unqualified right in the lessee to have a re-lease at the expiration of the existing lease, but merely a preferential right to have a re-lease at the option of the lessee in the event the lessors then desired to lease the property.' The same result was arrived at in the case of *Garcia* v. *Callender* (125 N. Y. 307), which was an action to recover damages for breach of a covenant giving a grantor the first right to repurchase."

Defendants herein contend that the cited case is to be distinguished, because the clause involved therein related to the purchase of real property, whereas the present contract involves an agreement for personal services. They also contend that the word " option " has a different meaning from the word " privilege," and that the use of the word " renewal " distinguishes the present case. They point to the language contained in the balance of the eighteenth clause as indicating an intention to grant an absolute right of renewal. They further contend that the equities of the present situation require a determination in defendants' favor.

We appreciate that the relationship of the contracting parties in the *Terrell* case and that of the parties in the present case were substantially different, but we cannot find any ground for distinguishing the cases because of such difference. In construing the present clause, we find, as did the Court of Appeals in con-

struing the clause in the *Terrell* case, that if meaning is to be given to the word " first," it would seem that the parties intended that the right granted was not an absolute one, but only a preferential one which would come ahead of any right which would be granted to a stranger if certain eventualities occurred. The remaining provisions in the eighteenth clause, to the effect that the renewal is to be on the same terms unless other terms are mutually agreed upon, and the provision requiring the guaranty of a minimum royalty payment of $3,000, merely relate to terms that were to control the new agreement, if and when it was made.

The word " option " was used in the clause construed in the case of *Koppi* v. *Gallagher* (133 Misc. 79; affd., 223 App. Div. 713). The word " renewal " was used in the clause construed in *Holloway* v. *Schmidt* (33 Misc. 747). In both of these cases the courts held that the clauses afforded only conditional rights. Both decisions were cited with approval in the *Terrell* case (*supra*).

There is a further indication that in the present case a conditional right to renew was intended because of the use of the word " on " in the phrase " first option on renewal."

The determination of this case does not rest on consideration of the equities, but on the legal rights of the parties as evidenced by the contract. That defendants may have expended large sums in developing their territory, might indicate that they considered their right to renewal an absolute one, but there is no claim of any like construction of the contract by plaintiff.

The order and judgment should be reversed, with costs, and plaintiff's motion for judgment on the pleadings granted.

MARTIN, P. J., O'MALLEY, TOWNLEY and COHN, JJ., concur.

Order and judgment unanimously reversed, with costs, and plaintiff's motion for judgment on the pleadings granted.