## Reichman v. Fisher

*Morris Gerber*, of *Wisler, Pearlstine, Talone & Gerber*, for plaintiff.

*Edward B. Duffy*, for defendant.

DANNEHOWER, J., August 6, 1947.—This is a bill in equity brought by plaintiff seeking to compel the conveyance to him by defendant of a parcel of real estate by virtue of an option he contends was given him in a lease whereby he became the tenant of the property in question.

Plaintiff's amended bill sets forth, among others, the following facts: Plaintiff was the tenant of premises No. 62 North York Road, Willow Grove, Montgomery County, under a written lease from defendant, the owner. The original lease was for a term of one year from March 1, 1940. It was last renewed by a supplemental agreement on January 28, 1946, for a further

term of one year, to March 1, 1947. The renewal agreement provided for an increase in the monthly rental, and stated that "all other conditions to remain the same". Among the provisions of the lease was the following: "It is also agreed that the Lessee shall have First Option on buying the property at Six Thousand Dollars."

The bill further alleges that defendant on or about January 10, 1947, offered the property for sale to one Tarkenton; that promptly thereafter plaintiff orally informed defendant he wished to purchase the property; that on January 14, 1947, plaintiff through counsel informed defendant in writing that he wished to exercise the option contained in the lease and purchase the property for $6,000; that though plaintiff is ready, willing to pay the said sum, defendant refuses to convey.

For our present purposes the material averments of the answer are to the effect that defendant never offered the property for sale to Tarkenton or to any other person; that the term "first option" was used in the lease to give plaintiff an option provided defendant desired to sell; that plaintiff's attempted exercise of an option was to prevent defendant from obtaining possession under the lease, due notice of the termination of which had already been given. Defendant admits that if plaintiff has an exercisable option the latter is entitled to specific performance, but denies that he has any such right.

To the answer plaintiff has filed an objection that the answer is insufficient because the language used in the lease gave him an exercisable option, regardless of the question of fact as to whether defendant had offered or elected to sell.

After argument before the court en banc, this question is pending for decision.

Authority upon the exact point before us is far from copious. Counsel for both parties have cited a number of cases bearing thereon, the majority of which are collected in an annotation in 127 A. L. R. 894. No Pennsylvania case exactly in point has been found by counsel nor discovered by our own research. From the cases in other jurisdictions which are most nearly in point, it appears that the generally accepted rule is that where a "first option" is given to a lessee to purchase, the right he thus acquires is conditional upon the desire or purpose of the lessor and not an absolute option: Koppi v. Gallagher, 133 Misc. 79, 230 N. Y. Supp. 680 (1927) ; R. I. Realty Co. v. Terrell, 254 N. Y. 121, 172 N. E. 262 (1930). Indeed, an examination of all the cases on the subject discloses that in every case where the privilege was granted it was construed as an absolute option, that construction was adopted only because there was either additional language in the lease, surrounding circumstances or parol evidence impelling the court to such a decision. No such additional features are present in this case and we therefore must decide from the meager language of the quoted clause.

Plaintiff urges that we are not without persuasive authority in this State, for our appellate courts, in cases where a lessee has been given a "first privilege" to renew a lease, have held that such words give the lessee an absolute option to renew. See Stetler v. North Branch Transit Co. et al., 258 Pa. 299 (1917) ; McDonald v. Karpeles, 61 Pa. Superior Ct. 496 (1915). The force of these decisions is weakened, however, because other circumstances or further language influenced the court.

We feel that the only possible meaning of the words "first option" in the present case is an option conditioned on the desire or purpose of the lessor to sell, for the same reasons as are succinctly expressed in the opinion of the court in R. I. Realty Co. v. Terrell, 254 N. Y. 121, 124 (1930), as follows:

"The respondent's position is that the legal effect of the words is to give the lessee an absolute right to purchase the premises at the price named. If that position is correct, the lessor was deprived of the right to determine whether or not he wished to sell.

"The use of the words 'first privilege' indicates that the parties must have had in mind some other opportunity of the lessor to sell and that the lessor was not prevented from selling to another if he desired. It bound the lessor, however, not to sell to another for that price without first giving the lessee the opportunity or privilege to purchase the property at the price specified, and, if the lessee did not exercise the privilege to purchase, the lessor was free to sell to anyone else. The words 'first privilege' did not grant an absolute option to the lessee to purchase the premises at any time during the term of the lease. The right of the lessee to purchase depended upon the lessor's desire to sell. If the lessor desired to sell at the price named, then the lessee was to have the 'first privilege to buy' at the figure specified.

"In construing the clause in question the court is required to give some meaning to all the words used. To construe this clause in accordance with the contention of the respondent would require that the word 'first' be eliminated. With that word eliminated, the privilege to buy would be absolute and enforceable. . . . Therefore, it must have been used to prevent the agreement from constituting an absolute option to sell. The phrase 'first privilege to buy' and the words 'privilege to buy' have an entirely different meaning; one is conditional and the other absolute. . . ."

The facts in the above cited case are exactly the same as those in the present case, with the minor exception that the word "privilege" is used rather than "option". The reasoning appears sound and we therefore apply it in deciding the question before us.

One further obstacle to plaintiff's contention (which we shall not consider at length because counsel have not argued the point) is the general principle that the privilege of renewing a lease, when exercised, does not extend the life of the option for the renewed term, because the option is really not a part of the demise. See Pettit v. Tourison, 283 Pa. 529 (1925) ; Signor v. Keystone Consistory, 277 Pa. 504 (1923). Under this principle the option would have finally expired at the end of the first yearly term, namely, on February 28, 1941.

And now, August 6, 1947, for the reasons given in the foregoing opinion, plaintiff's preliminary objection to defendant's answer is dismissed.