L. Barron Hill, J.
This is an action for specific performance of a contract to purchase real property of the defendant. The property in question was described in an instrument by which the defendant engaged to sell to the plaintiff certain other property at the price of $200 per lot. The property in question was described in a clanse which designated itself 86 an option ”. This option clause spelled out in detail the terms under which the lots in question should be sold in the event the plaintiff exercised the option. The price per lot was not set forth, however, except that the option clause specified that 8 8 the contract for the purchase of the afore-mentioned lots shall he in identical form as the within contract ”, with certain exceptions as to the method of payment.
*294 After the signing of this contract and option, the attorneys for the plaintiff and the defendant conducted correspondence over a number of months in which correspondence mention was made on more than one occasion of the plaintiff’s option to purchase the lots which form the subject of this suit. Not only did defendant’s attorney refer to the “ option ”, but he proposed in one letter that lots which were to be sold under the contract be switched to the option portion of the contract, and at a later date defendant’s attorney sent a stipulation to plaintiff’s attorney which proposed that certain lots covered by the option be accepted instead of the lots for which the parties both agreed they had contracted. This would indicate that the price of the optional lots was, as the testimony of plaintiff’s three witnesses also showed, the same price as the other lots mentioned in the contract. Plaintiff contended that the only fair intendment of the “ option ” clause was that he should have an option to purchase the lots specified therein for the same price which he was paying for the lots under contract, which lots were similar to and in the same neighborhood as the lots designated in the option. Defendant contended that the option provision meant absolutely nothing or that the intention of the parties was to create what is sometimes called a “first option ”, meaning that plaintiff would have first privilege of buying the property if defendant decided to sell it. The Court of Appeals, however, pointed out in R. I. Realty Co. v. Terrell (254 N. Y. 121), that the phrase “first privilege to buy ” and phrase “ privilege to buy ” have entirely different meanings, the first being conditional and the second absolute. Certainly the meaning of the parties hereto, who were both experienced real estate dealers and both represented by attorneys is plain. Nothing, in fact, remained to be done to bind the defendant except to have the plaintiff exercise the option, which he did. How far the courts will go to uphold the fair intendment of the parties is illustrated in the case of Sandberg v. Reilly (223 App. Div. 57). In that case the option specified the price, but did not specify the estate to be conveyed.
Further, defendant’s attorney admitted at the trial that he had constructed the language of the option and doubts must, therefore, be resolved against the defendant. Testimony of the plaintiff’s attorney also made it clear that the eliptical form of the option was necessitated by the fact that defendant’s attorney, who was not a professional typist, was personally preparing the rider upon which the option appeared and did not wish to repeat at great length all the terms of the option when *295 they were in fact identical with the terms of the contract, except for those terms set forth as being different.
Accordingly, the plaintiff shall have judgment as prayed for in the complaint. The foregoing constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
Settle judgment.