ACKERMAN ELECTRICAL SUPPLY COMPANY
*v.* KOUKIOUS

1. CONTRACTS—OPTION TO PURCHASE—CONDITIONAL OPTION.

Whether an option to purchase contained in a lease is a conditional option or an absolute option depends on the wording of the option provision and the circumstances of the case.

2. CONTRACTS—CONSTRUCTION.

Some meaning must be given to all the words used in a clause of a contract in construing it.

3. CONTRACTS—OPTION TO PURCHASE—CONDITIONAL OPTION—FIRST OPTION.

The words "first option", used in a lease granting the lessee the first option to purchase the leased property, indicate an option conditioned on the lessor's willingness to sell and must be given effect if possible.

4. CONTRACTS — OPTION TO PURCHASE — FIRST OPTION — PURCHASE PRICE.

Setting of a fixed purchase price for the first year, and "fair market value" as the purchase price during the next four years, in an option clause in a five-year lease, is not inconsistent with an intention that the option be conditioned on the lessor's desire to sell rather than that it be an absolute option on the part of the purchaser.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3]  17 Am Jur 2d, Contracts § 32.
Grant to lessee of first privilege or right to purchase leased premises as constituting absolute or conditional option. . 34 ALR2d 1158.
[2]  17 Am Jur 2d, Contracts § 240 *et seq.*
[4]  32 Am Jur, Landlord and Tenant § 299 *et seq.*

Appeal from Kent, Roman J. Snow, J. Submitted Division 3 March 12, 1969, at Grand Rapids. (Docket No. 5,307.) Decided March 25, 1969.

Complaint by Ackerman Electrical Supply Company, a Michigan corporation, against Sam Koukious for specific performance of an option to purchase. Judgment for defendant. Plaintiff appeals. Affirmed.

*Wheeler, Upham, Bryant & Uhl,* for plaintiff.

*Jon D. Witters,* for defendant.

BEFORE: McGREGOR, P. J., and R. B. BURNS and DANHOF, JJ.

DANHOF, J. Plaintiff-lessee filed an action against defendant-lessor for specific performance of an option to purchase contained in a lease. At the trial the case was submitted to the court on stipulated facts. The only issue then and also on appeal was whether the option was absolute, or conditional on defendant's willingness to sell and convey. The trial judge held that the option was conditional and specific performance was denied.

The paragraphs of the lease are not numbered, but numbering them in their physical sequence, the lease provides in part:

"5. First party hereby gives and grants unto the party of the second part the first option to purchase said property from the first party or his heirs, administrators or assigns for the sum of $30,000, said option to extend for 1 year from date hereof.

"6. First party hereby gives and grants unto the second party the first option to purchase said property from the first party or his heirs, administrators,

or assigns at fair market value during the remaining 4 years of this lease. In arriving at fair market value, the parties, if unable to agree, will each employ the services of an appraisor [*sic*] and two appraisors so selected shall employ a third and the parties agree to be bound by the average of said three appraisals.

"7. Party of the first part hereby gives the party of the second part the option to renew this lease on the same terms and conditions for a like period."

The words "first privilege of re-leasing said premises" were considered by the Supreme Court in *Laevin* v. *St. Vincent de Paul Society of Grand Rapids* (1949), 323 Mich 607 (6 ALR2d 815) and held to mean a conditional option only. The Court said at page 613:

"It thus becomes apparent that each case depends on the wording of the provision relied upon, and the circumstances of the case.   *   *   *

"It would be of little value to here attempt an analysis of the decisions from other States. Many of them are distinguishable, and suffice it to say that the majority apparently adopt a construction which, in the absence of other details, holds 'first' privilege of releasing to mean an option conditioned upon the lessor's willingness to re-lease."   (Citations omitted.)

This rule was followed in *Associated Truck Lines, Inc.,* v. *Baer* (1956), 346 Mich 106, though the Court found other language in the option agreement by which it felt constrained to hold that the words "first right and option to purchase" created an absolute rather than conditional option.

The trial judge considered these cases thoroughly in his written opinion and then went on to say:

"In paragraph 5, the lessor did use the expression *first option* which expression will control and which

must be given effect if possible, and is not to be stricken by some other part unless such a result is fairly inescapable.

"These words indicate an option conditioned on lessor's willingness to sell.

"Paragraph 5 sets a definite price ($30,000) for a one-year period. Does this operate to change the legal presumption created? Plaintiff claims that it does. Plaintiff states that if the option was conditional upon defendant's willingness to sell, why was one price set at the outset of the lease? Plaintiff claims that there is no reason for having done so, since if the option was conditional, the defendant would also set the price at the time he decided to sell and not limit himself at the outset on that price.

"In the case of *R. I. Realty Company, Inc.* v. *Terrell* (1930), 254 NY 121 (172 NE 262), the lease contained a clause which reads:

" 'Said party of the second part is given first privilege to buy said property for the sum of $14,000.'

"The court held that:

" 'The use of the words "first privilege" indicates that the parties must have had in mind some other opportunity of the lessor to sell and that the lessor was not prevented from selling to another if he desired. It bound the lessor, however, not to sell to another for that price without first giving the lessee the opportunity or privilege to purchase the property at the price specified, and, if the lessee did not exercise the privilege to purchase, the lessor was free to sell to anyone else. The words "first privilege" did not grant an absolute option to the lessee to purchase the premises at any time during the term of the lease. The right of the lessee to purchase depended upon the lessor's desire to sell. If the lessor desired to sell at the price named, then the lessee was to have the "first privilege to buy" at the figure specified.

" 'In construing the clause in question the court is required to give some meaning to all the words

used. To construe the clause in accordance with the contention of the respondent would require that the word "first" be eliminated. With that word eliminated, the privilege to buy would be absolute and enforceable. *Sandberg* v. *Reilly* (1928), 223 App Div 57 (227 NYS 418), affirmed 250 NY 547. (166 NE 319). Therefore, it must have been used to prevent the agreement from constituting an absolute option to sell. The phrase "first privilege to buy" and the words "privilege to buy" have an entirely different meaning; one is conditional and the other absolute. This court has decided in actions for specific performance that agreements substantially like the one in question could not be enforced in an action in equity.'

"It does not appear to this court that the setting of a price during the first year of the lease makes it inescapable that an absolute option was intended. If no *price* is mentioned or ascertainable, the option would be totally uncertain. It is to be noted that the setting of a specified price never entered into the decision in *Associated Truck Lines, Inc.,* v. *Baer, supra.* * * *

"Plaintiff further contends with respect to paragraph 6 that 'if the option was conditional, why would there be a need for an appraisal?'

"It should be noted that in giving an option— whether it be absolute or conditional—that there must be either a definite price stated in the option or a standard provided for ascertaining the price; lessor could have made the price that offered by any other purchaser, but in this court's opinion, the lessor would want market value to control, rather than a price offered by another prospective purchaser; that lessor would not want to be bound by a price offered by some other prospective buyer.

"The set price for the first year in the event the lessor wishes to sell is merely indicative of a feeling that the market would not change that much during the first year of the lease, and further indicative by

paragraph 6—that if lessor were willing to sell during the balance of the lease term that it would at market value—whatever that might be. (Citations omitted.)

"In paragraph 7 of the lease when the lessee was given the option to renew the lease on the same terms and conditions for a like period, the word 'first' does not appear. This further strengthens the opinion of this court that the word 'first' in paragraphs 5 and 6 was used in its technical sense.

"Paragraphs 10, 11 and 12 of the lease give further credence to the theory that no absolute option was intended *viz.*:

"Paragraph 10 states:

" 'It is further understood and agreed by the parties hereto that all improvements made by the second party during the term of this lease shall be at the second party's expense and shall remain intact at the expiration of this lease and become the property of the first party.'

"Paragraph 11 states:

" 'Said party of the second part further covenants that it will not assign nor transfer this lease, or sub-let the said premises, or any part thereof, without the written assent of said party of the first part.'

"Paragraph 12 states:

" 'And also, that said party of the second part will at its own expense, during the continuance of this lease keep the said premises and every part thereof in as good repair, and at the expiration of the term, yield and deliver up the same in like condition as when taken, reasonable use and wear thereof and damage by the elements excepted.'

"It was contemplated that all improvements inure to the benefit of the lessor—without any provisions for credit therefor given to the lessee on purchase. Considering the lease as a whole and the option clause in paragraph 5 in its context and construing the lease against the lessor, since he had the lease

drawn, I am nevertheless compelled to the opinion that the option is conditional. The provisions of re-lease, when considered with said option clause in paragraph 5, do not inescapably make the option absolute rather than conditional."

It is the opinion of this Court that the trial court applied all appropriate rules governing construction of contracts, and further that the option which is the subject of these proceedings is a conditional option, contingent upon the will or desire of the optionor to sell, and is not subject to enforcement as an absolute option for purchase of the property.

Affirmed with costs to the appellee.

All concurred.