
Bayard W. SCOTT and Bayard M. Scott and Sue Scott, his wife, Appellants,

v.

Thelma FRY, a single person and as Attorney in Fact for Leona Fry Jones and Glenn H. Jones, her husband, and Marion Fry and Eileen Fry, his wife, Leona Fry Jones and Glenn H. Jones, her husband, Marion Fry and Eileen Fry, his wife, Appellees.

No. 2–59305.

Court of Appeals of Iowa.

Nov. 10, 1977.

Galen L. Grote, of Mossman & Grote, Vinton, for appellants.

James F. Pickens, of Pickens & Barnes, Cedar Rapids, for appellees.

Heard by ALLBEE, C. J., and DONIELSON, SNELL, OXBERGER and CARTER, JJ.

ALLBEE, Chief Judge.

Plaintiffs-lessees brought action against defendants-lessors for specific performance of an option to purchase contained in a farm lease. Trial court held that the option was conditional and denied specific performance. Plaintiffs appeal.

The issue is whether the option, paragraph 10 of the lease, is absolute or merely preferential and conditional upon defendants' desire to sell the farm. Paragraph 10 provides:

10. As part of this Lease Agreement, the parties and each of them do agree and the Landlord herein does hereby grant unto the Tenant, herein, the First Option to purchase the aforesaid real estate. The purchase price under this option shall be $230,000.00 and payment thereof shall be on a contract basis with ten percent (10%) as the Down Payment and the unpaid balance to carry interest at 6% and the Buyers to make annual payments of $17,500.00 which shall include principal and interest and the entire unpaid balance to be paid in full within ten (10) years of the date of the contract. This Option shall expire on January 1, 1975. In order to exercise this Option, the Tenant herein, shall tender unto the Landlord herein, a check for $1,000.00 and a written demand for an installment contract and an abstract of title continued to a recent date for purposes of examination.

I. Determination of the rule to be applied.

We are guided in our interpretation of this lease by the principle expressed in rule 14(f)(14), Rules of Appellate Procedure. Neither party cites any Iowa authority construing a provision similar to the one in issue here, and our research has revealed no conclusive Iowa precedent. Therefore, we must examine the authorities from other states to determine the rule to be applied.

The leading case is *R. I. Realty Co., Inc. v. Terrell*, 254 N.Y. 121, 172 N.E. 262 (1930). The New York Court of Appeals there held that where a "first privilege to buy" was included in a lease, the right which the lessee acquired was dependent upon the desire of the lessor to sell. The court based its holding upon the general principle that, in construing a contract, meaning must be attributed to all the words used. 254 N.Y. at 124, 172 N.E. at 263. This general principle is the rule in Iowa as well. *State v. Starzinger*, 179 N.W.2d 761, 764 (Iowa 1970). It would thus appear that *Terrell* should govern the disposition of this appeal, and that we should affirm.

The plaintiffs, however, cite two cases which they argue require a contrary result. The first of these is *Associated Truck Lines, Inc. v. Baer*, 346 Mich. 106, 77 N.W.2d 384 (1956). There the clause gave the lessee " 'first right and option to purchase from the undersigned the premises' for $65,000 at any time during the term of the lease, but not until [two years after the lease took effect]." 346 Mich. at 109, 77 N.W.2d at 385. The Michigan Supreme Court, in giving significance to all the language, found that the two year delay provision made the option absolute.

The Michigan Court of Appeals subsequently dealt with a clause similar to the one in the instant case in *Ackerman Electrical Supply Co. v. Koukious*, 16 Mich.App. 527, 168 N.W.2d 433 (1969). The court acknowledged *Associated Truck Lines*, but relied upon *Laevin v. St. Vincent de Paul Society of Grand Rapids*, 323 Mich. 607, 36 N.W.2d 163 (1949) to decide the case before it. *Laevin* held that a first privilege to re-lease, without more, was conditional. *Associated Truck Lines* was distinguished by the Court of Appeals, which noted the clause in that case contained additional language which modified the first option phrase.

The second case which plaintiffs cite is *Lancaster Malleable Castings Co. v. Dunie*, 365 Pa. 95, 73 A.2d 417, 34 A.L.R.2d 1153 (1950). The Pennsylvania Supreme Court drew the same distinction which the Michigan courts recognize. 365 Pa. at 101, 73 A.2d at 419. The court distinguished *R. I. Realty Co., Inc. v. Terrell*, supra, and *Reichman v. Fisher*, 60 Pa.D. & C. 673, 63 Montg.Co. 268 (C.P.1947), on the basis that each construed a simple first option clause which contained no further language to alter the results. The clause in *Dunie* contained the modifying phrase "at any time." Because the lease with which we deal more closely resembles those in *Terrell* and *Reichman*, the *Dunie* opinion effectively distinguishes itself for us.

The rule which controls this dispute, as distilled from the cases discussed, is this: a lease which grants the lessee a first option to buy is conditional upon the lessor's desire to sell, unless there is additional language in the lease, or parol evidence, which compels the finding of an absolute option. *See, e. g., Reichman v. Fisher*, 60 Pa.D. & C. 673, 675, 63 Montg.Co. 268, 270 (C.P.1947); *see generally* 51C C.J.S. Landlord & Tenant § 88(5) (1968); *see also DeWitt v. Stotts*, 265 S.W.2d 398 (Mo.1954). The fact that in some instances the phrase "first privilege" is used rather than "first option" is not a significant distinction. *See Reichman v. Fisher*, supra, 60 Pa.D. & C. at 676, 63 Montg.Co. at 271.

Finally, we take note of *Imperial Refineries Corp. v. Morrissey*, 254 Iowa 934, 119 N.W.2d 872 (1963). That case dealt with a right of first refusal dissimilar to the first option involved here; accordingly it cannot control. However, the court cited with approval two authorities which contain dicta bearing on the question in this case. 254 Iowa at 940, 119 N.W.2d at 876. These authorities, *King v. Dalton Motors, Inc.*, 260

Minn. 124, 109 N.W.2d 51 (1961) and *Chournos v. Euona Invest. Co.*, 97 Utah 335, 93 P.2d 450 (1939), are consistent with the rule which we here apply.

## II. Application of the rule.

█ Plaintiffs argue that there is such additional language in the lease which, notwithstanding the phrase "first option," requires a finding that the option was absolute. They refer us to the proviso "[t]his option shall expire on January 1, 1975," which was lined out of the original lease, and reinserted by an addendum eight days later.

The phrase does not have the significance which plaintiffs now attach to it. Bayard W. Scott gave an apt description of its function during his direct examination when he explained "it just made a dead-line." Such a deadline is fully as consistent with a conditional option as it is with an absolute one. A purchase price had been set, and the owners needed protection from inflation in the event they should decide to sell as much as if they were committed to sell.

*Terrell* and its progeny support trial court's denial of specific performance. Our interpretation of paragraph 10 renders unnecessary consideration of other questions presented.

AFFIRMED.