**DE WITT et al.  v.  STOTTS et al.**

No. 43781.

Supreme Court of Missouri.

Division No. 2.

March 8, 1954.

Raymond Sears, Savannah, Boyd & Elliott, W. J. Boyd, St. Joseph, for appellants.

Homer C. King, William Stone, St. Joseph, for respondents.

BARRETT, Commissioner.

In October 1947 Frank and Josephine DeWitt purchased a 119 acre tract of land

in Andrew County from Mr. and Mrs. Bollman, one acre of which was subject to a ten-year lease in W. H. and Hildred Stotts. Upon the expiration of the lease, the DeWitts instituted this action in ejectment against the Stotts. Relying upon an option to purchase contained in the lease Mr. and Mrs. Stotts sought specific performance of the option. The trial court, construing the language of the option, the lease as a whole, and certain surrounding circumstances, found that the option contained in the lease was absolute and unconditional, not conditional or preferential as the landowners claimed, and, accordingly, decreed that the appellants, Mr. and Mrs. DeWitt, execute a deed conveying the one-acre tract to Mr. and Mrs. Stotts, upon the payment of the stipulated purchase price of $500. Thus the sole question upon this appeal is whether the option may properly be construed as absolute and unconditional, compelling a sale and conveyance of the land, or, whether it must be construed as preferential and conditional, and, therefore, a conveyance dependent upon the landowners' desire to sell. 32 Am.Jur., Secs. 299–310, pp. 278–288; 51 C.J.S., Landlord and Tenant, § 80, p. 631. The option is clause (5) of the "third" part of the lease: "At the termination of the lease or renewal thereof, *lessees to have first option of purchasing above described acre of ground* at a maximum price not to exceed $500.00."

In Stein v. Reising, 359 Mo. 804, 224 S. W.2d 80, the lease provided, "Lessee will be given first option to purchase property within year lease if in effect at a price of $8,-000.00." It was held, in that case, that the option clause, apart from its context, plainly granted a conditional or preferential and not an absolute option to purchase. It was pointed out that the word "first" qualified the word "option" and, of necessity, its force and meaning. In disposing of that case the cases from other jurisdictions were considered, and it is not necessary to again review them and the rationale of the general rule there applied. Annotation 127 A.L.R. 894. While the two clauses do not employ identical terminology, they are essentially identical and indistinguishable

in language and meaning. But here, again, as in that case, it is not necessary that the decision turn alone upon a construction of the option apart from its context, or apart from the circumstances deemed material by the trial court.

The acre of ground fronts on U. S. Highway 71 and was to be used for the purpose of conducting the business of a filling station. The lease was effective as of October 15, 1941, "or as soon thereafter as lessees, *at their own expense,* can build, construct and open for business, certain buildings" and was to terminate "ten years after the date on which station is opened for business." The lease was nonassignable without the written consent of the lessors and "at the expiration of the term hereby created" lessees may "remove from said premises all buildings placed thereon." The buildings were to be maintained by the lessees and there could be no alterations without the consent of the lessors. The lease was to terminate upon the destruction of the buildings. The rent reserved was one quarter cent per gallon "for each and every gallon of fuel oil and motor fuel sold." The lease in the Stein case was on a printed form with the option clause typed in by a layman. The lease involved here was drafted by a lawyer. In addition to the clauses noted, this lease contains a separate provision for a renewal of the lease and, when the language employed in that clause is contrasted with the language of the option to purchase, the difference in both terminology and meaning are unmistakable and sharply brought into focus. The provision relating to a re-lease of the premises does not grant a "first" option or privilege (annotation 6 A.L.R.2d 820), it provides that *"Lessors give lessees privilege of renewing lease at expiration of same, for an additional ten (10) years, at the same rental."* If an absolute option to purchase had been contemplated or desired, initially, the parties could have stipulated for it in this lawyer-drafted instrument. Cummins v. Dixon, Mo.Sup., 265 S.W.2d 386; Elliott v. Delaney, 217 Mo. 14, 116 S.W. 494; Chapman v. Breeze, 355 Mo. 873, 198 S.W.2d 717. It is not claimed and there is no proof

here that the rental and improvements are disproportionate or excessive and the De-Witts have neither sold nor offered to sell the property, nor have they taken any other steps irretrievably rendering the conditional option absolute and subject to immediate acceptance as was the case in Hathaway v. Nevitt, 358 Mo. 202, 213 S.W.2d 938. See also annotation 117 A.L.R. 1095, 1096.

■ As to the extrinsic circumstances, there was no claim here, as there was in the Stein case, that the lessees would not have entered into the arrangement except for the right, eventually, to purchase the property. In fact the extrinsic circumstances here are not very helpful to the lessees, the lessors did not voluntarily enter into and execute this lease, they were compelled to do so by the Circuit Court of Buchanan County. In 1941 Mr. and Mrs. Stotts entered into possession of the land and began the construction of a filling station, which was opened for business on March 10, 1942. The record does not reveal just what transpired between that date and 1946, but in 1946 the then owners of the land, the Bollmans, filed a suit for possession of the land "on the theory that no lease was in existence." In that suit the Circuit Court of Buchanan County found that there was a promise by the owners to execute the lease, and the court found and decreed the terms of the lease and compelled its execution. In the course of its decree the Circuit Court of Buchanan County said, among other things, "Defendants are not entitled at this time to a conveyance of the property from the plaintiffs for the sum of $500.00 as is provided in said lease that they should have the right to purchase at the termination of the lease or the renewal thereof." This part of that decree is the only extrinsic circumstance relied upon by the trial court in this case as supporting a decree of specific performance. Of that part of the decree the circuit court here said, "It is true that he (Judge Wilcox) was not specifically interpreting the option clause, yet he was estab-lishing the whole lease and the option clause was an important part of it. Surely his solemn judicial pronouncement incorporated in his Judgment and Decree establishing the lease between the parties and which each party at least tacitly accepted by not appealing from the Judgment, is at least some evidence and worthy of consideration in determining the parties' intentions as to this option clause. His findings *might* on this and other questions involved in the establishment of the lease, and which he decided to incorporate in his Judgment, be held to be final and conclusive." As the finding involved here plainly indicates, the Circuit Court of Buchanan County, in 1947, "was not specifically interpreting the option clause" and, in that action and by the very terms of the lease, could not then have been making an authoritative, binding interpretation of it. The lessor-owners were bound by the terms of the ten-year lease and the Buchanan County Court's decree that they specifically perform the lease, but their compliance with the court's decree is not such a tacit acquiescence in the court's collateral interpretation of the option to purchase that they are conclusively bound by it.

■ Considering all the factors, the option apart from its context, the lease as a whole, and the extrinsic circumstances, it can only be said that Mr. and Mrs. Stotts had a conditional or preferential and not an absolute option to purchase the one acre of ground. Stein v. Reising, supra; R. I. Realty Co. v. Terrell, 254 N.Y. 121, 172 N. E. 262; annotation 127 A.L.R. 894. Therefore, the judgment decreeing specific performance is reversed, and the cause remanded.

WESTHUES and BOHLING, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.