Glenn S. McCRORY and Frieda P. McCrory, Plaintiffs-Respondents,

v.

Charles A. BRINCKMANN and Charles Donald Brinckmann, Defendants-Appellants.

No. 8293.

Springfield Court of Appeals.

Missouri.

June 16, 1964.

--------&--------

Orville C. Winchell, Lebanon, James P. Roach, Camdenton, for defendants-appellants.

Morgan M. Moulder, Camdenton, for plaintiffs-respondents.

HOGAN, Judge.

This is an action for specific performance instituted by the plaintiffs to enforce the provisions of a "Lease with Agreement to Sell" executed by the parties on October 26, 1956. As material here, and in barest outline, the record shows that this instrument demised a parcel of real property in Camden County, Missouri, to the plaintiffs for a period of ten years at an annual rent of $1,500.00, payable monthly, subject to the right of the parties to terminate the lease upon certain conditions. The instrument also confers upon the plaintiffs certain rights in the nature of an option to purchase the property.

On February 13, 1963, the plaintiffs filed their petition in this case, reciting the execution of the lease, generally alleging exercise of their option to purchase in a manner contemplated in the lease, and setting up defendants' refusal to perform. The prayer of the petition was that defendants "be directed to convey * * * the premises hereinbefore described to plaintiffs."

The defendants answered, admitting execution of the lease, denying the other allegations of the petition, and setting up affirmatively plaintiffs' failure to exercise their option "in accordance with the agreement made between the parties herein."

After a trial to the court on April 12, 1963, the case was taken under advisement. On July 3, 1963, pursuant to defendants' request made before trial, the court made certain findings of fact and conclusions of law as provided by Rule 73.01(b), V.A. M.R., and entered a decree for specific performance. The order of judgment recites, among other things, that " * * * defendants shall forthwith cause to be delivered to plaintiffs the warranty deed heretofore placed in escrow or execute a warranty deed conveying to plaintiffs the fee simple title in and to the real estate described in plaintiffs' petition [describing it] * * *" and further reciting that if defendants shall fail to execute and deliver the deed " * * * then this judgment * * * shall have the same force, effect and operation as such deed." The defendants appealed to this court. Before the appeal was argued and submitted, the respondents filed a motion to transfer the cause to the Supreme Court upon the ground that title to real estate is involved. The motion was ordered taken with the case. If the "title to real estate" is involved in the constitutional sense of that phrase, we of course have no jurisdiction. Article V, Section 3, V.A.M.S. Constitution of 1945.

We have examined the record, and have concluded that the respondents' motion is well taken. Generally speaking, an action for specific performance of a contract to convey land involves the title to real estate within the meaning of the Constitution, Kauflin v. Turek, Mo., 277 S.W.2d 540, 542 [1]; Drake v. Hicks, Mo., 249 S.W.2d 358, 360 [1], and in this case, if the plaintiffs properly elected to exercise a valid absolute option to purchase contained in the lease, their acceptance created a complete bilateral contract for the sale of land, subject to specific enforcement. Chapman v. Breeze, 355 Mo. 873, 876–877, 198 S.W.2d 717, 719 [2–5]; Cummins v. Dixon, Mo., 265 S.W.2d 386, 398 [22]; 49 Am.Jur., Specific Performance, Section 117, pp. 137–138. In its order and judgment, the

trial court found that the plaintiffs had in fact exercised their option to acquire a fee simple title to the real property involved in accordance with the terms of the contract, and ordered that the defendants execute and deliver a warranty deed to the plaintiffs. The order provided that if the defendants failed to do so, then the judgment itself should operate as a conveyance. It seems plain to us that this is a judgment for conveyance as contemplated by Rule 74.22, V.A.M.R., which, though it was couched in conditional terms, passed the title without any act of the defendants. Rule 74.22, supra, Otto v. Young, 227 Mo. 193, 215–217, 127 S.W. 9, 17 [9]; Macklin v. Allenberg, 100 Mo. 337, 341, 13 S.W. 350, 351 [1]. Since the judgment actually rendered determines title, we therefore have no jurisdiction of the appeal. Domyan v. Dornin, Mo.App., 348 S.W.2d 360, 361 [1]. Accordingly, the cause is ordered to be transferred forthwith to the Supreme Court as prescribed by Section 477.080(2), RSMo. (1959), V.A.M.S.

RUARK, P. J., and STONE, J., concur.