Glenn S. McCRORY and Frieda P. McCrory,
Plaintiffs-Respondents,

v.

Charles A. BRINCKMANN and Charles Don-
ald Brinckmann, Defendants-Appellants.

No. 50889.

Supreme Court of Missouri,

Division No. 2.

April 12, 1965.

Morgan M. Moulder, Camdenton, for re-
spondents.

Orville C. Winchell, Lebanon, for appel-
lant.

BARRETT, Commissioner.

In 1956 the appellants Charles A. and
Charles Donald Brinckmann (father and
son), as owner-lessors, and the respondents
Glenn and Frieda McCrory entered into a
"Lease With Agreement To Sell" a resi-
dence property in Camden County. The
lease was for ten years from September 1,
1956, and provided for a rental of $125
a month. Within the ten-year period the
agreement gave the lessees "the option of
purchasing said premises" for $32,600 and
provided in the event the lessees exercised
the option that the rent payments were to
be applied on the purchase price. In that
same paragraph there was a provision that
the lessees might execute a note and deed
of trust in payment of any balance due on
the purchase price upon their election to
exercise the option. There were several
provisions relating to insurance on the prop-
erty and the total destruction of the resi-
dence "by any casualty of any nature." As
to insurance it was provided in a separate
paragraph that the lessors, the Brinck-

manns, "may maintain such insurance as they so elect at their own expense to insure any loss of equity which they have in said premises at the time of the loss." And likewise it was provided in the same sentence that the lessees, the McCrorys, "may insure their respective interest and their equity in said premises accordingly." And it was specifically agreed that each party should "pay for their own insurance." Another paragraph provided, in the event of total destruction of the insured property, that "the insurance which is in force by each party, respectively, shall compensate and adjust to each of the parties their respective interest at the time of the casualty" and, in the same sentence, it was agreed that the lessees, the McCrorys, "may elect to take under the option and acquire title to the property in fee simple" and in the event the property is totally destroyed the lessors agree to "claim any balance which is then due to them" during the period of the lease and "they will carry sufficient and adequate insurance to protect the unpaid balance."

Pursuant to this agreement the McCrorys moved into the property and over the years made the monthly payments of $125 and as their potential equity increased they increased the amount of their insurance. And at the same time as the years passed the lessors decreased the amount of their insurance on the property. On December 7, 1962, after the lessees had made monthly payments totalling $9500 the property was destroyed by fire. On that date the McCrorys carried $12,500 insurance on the residence and the Brinckmanns carried $20,000 insurance. The value of the lot without the residence was $3500 and the McCrorys valued their equity in the property before the fire at $17,500. On January 22, 1963, the McCrorys notified the Brinckmanns of their election to exercise the option to purchase the property and demanded that they cause the warranty deed to be delivered from escrow and otherwise comply with the terms of the agreement, and particularly with the provisions relating to insurance. Upon the lessors' refusal to recognize the option the McCrorys instituted this action in specific performance.

At the conclusion of the trial and upon the appellants' request the court made specific findings of fact and conclusions of law. Insofar as material to this appeal the court concluded that the agreement was so clear and unambiguous that there was nothing for the court to construe and consequently the court found that the lease gave the respondents an absolute option to purchase the property. In this connection the court found that upon exercise of the option the agreement provided for two methods of paying the balance of the purchase price, one, by executing a note and deed of trust and, second, in the event the property was totally destroyed by fire "payment of the balance due would be acknowledged by the defendants from the proceeds of their insurance policy." And finally, in its judgment the court decreed that the deed conveying fee simple title be delivered to the McCrorys. The Brinckmanns appealed and since the case involves the title to real estate (Const.Mo. Art. V, § 3, V.A.M.S.) the Springfield Court of Appeals transferred the cause to this court. McCrory v. Brinckmann, Mo.App., 379 S.W.2d 882.

■ The only question for determination is whether the option provided in the "Lease With Agreement To Sell" is conditional or absolute. While one of the parties cites Skelly Oil Company v. Ashmore, Mo., 365 S.W.2d 582, it should be noted that this appeal is not directly concerned with the proceeds of the insurance policies. It may be said in passing, however, that the implication of that case is that any loss by reason of the destruction of the property would fall on the vendor-owners. The Skelly Oil Company case has been commented on in 28 Mo.L.R. 641; 8 St.L.L.J. 266; 112 Pa. L.R. 305; and 39 No.D.L.R. 351. While this court-tried equity case is reviewable anew in this court (Sup.Ct.Rule 73.01, V.A. M.R.), other issues in the trial court and not necessary to be considered in the dis-

position of this appeal are deemed to have been waived. Brackett v. Easton Boot & Shoe Co., Mo., 388 S.W.2d 842. As stated, the question presented here is whether the option is conditional as the appellants contend or absolute as the respondents contend and as the court decreed. The appellants state the problem and their contention in this language in the only point briefed and argued: "The Court improperly found, as set out in its Conclusions of Law, that the plaintiffs had a *right* to exercise their option to acquire fee simple title; that in fact, the plaintiffs did not have an *absolute right* but had a *conditional* or *preferential* and *not an absolute option* to purchase." The appellants argument is that when two sections of the agreement are considered it is obvious that the option is conditional and dependent on the lessor-owners' desire to sell. These two sections of the agreement are paragraph 6 relating to the insurance each party is to carry, as above noted, and paragraph 8 relating to a casualty rendering the property unfit for occupancy and providing that the lessees "may elect to terminate the lease agreement" and specifically providing that "this section shall be construed to be optional on the parties of the second part (lessees) only".

But in this case and upon this record it is not deemed necessary to consider in detail the extrinsic circumstances (De Witt v. Stotts, Mo., 265 S.W.2d 398), as the court indicated, the terms of the agreement are clear and unambiguous and even though it provides alternatives there is no conflict in the provisions. Construing the agreement as a whole and the option clause, lessees "shall have the option of purchasing said premises," in its context (Stein v. Reising, 359 Mo. 804, 224 S.W.2d 80) there can be no doubt that an absolute and unconditional option was granted. Neither is it necessary to examine into the rationale of the cases or in the circumstances of this case to carefully examine the contract document and indicate the corroborating and compelling characteristics of the various provisions. For general information there

are these relevant annotations and they have been noted in all the cases cited throughout this opinion: 127 A.L.R. 894 "Option for renewal of lease or for purchase as conditional upon optionor's purpose to lease or sell property," 6 A.L.R..2d 820 "Granting to lessee of 'first' privilege or right to re-lease or to renewal or extension of tenancy period as conditioned upon lessor's willingness to re-lease," and particularly 34 A.L.R.2d 1158 "Grant to lessee of first privilege or right to purchase leased premises as constituting absolute or conditional option."

In De Witt v. Stotts, supra, the provision was "lessees to have first option of purchasing." The provision was first examined apart from its context and it was said that the language "plainly granted a conditional or preferential and not an absolute option to purchase." Then the provision was considered in the light of the extrinsic circumstances and it was held that they did not change the situation. In Stein v. Reising, supra, the agreement was that "Lessee will be given first option to purchase." Again the language was considered separately, then in context and finally in view of all the circumstances. It was there pointed out that however these cases were determined "the consequence is bound to be harsh to the losing party." Nevertheless, it was held that the option in that lease was preferential or conditional, not absolute. But the option clause involved in this lease upon this appeal is not comparable to the options involved and construed in those cases.

In Lusco v. Tavitian, Mo., 296 S.W.2d 14, the problem was whether there had been a proper and timely acceptance but it was assumed by everyone that the language "the lessor does hereby grant to lessee an option to purchase" at a specified time on specified terms was an absolute and unconditional option entitling the optionee to specific performance. Likewise in Hathaway v. Nevitt, 358 Mo. 202, 213 S.W.2d 938, it was pointed out that the payment of rent constituted the

consideration for the option and it was assumed that the language "hereby grants to the said party of the second part (plaintiff) an option to purchase said property for $7500 before it is sold to anyone else" was unconditional and absolute. In Chapman v. Breeze, 355 Mo. 873, 198 S.W.2d 717, it was again assumed that an absolute option was given in a lease providing that "Party of the second part (lessee) to have an option to purchase all of said real estate at the price of $1600.00."

In addition to these cases in which it was assumed that an absolute option had been granted, in Cummins v. Dixon, Mo., 265 S.W.2d 386, 47 A.L.R.2d 441, there were several relevant provisions, as there are in this case, but the principal one said "Lessor hereby gives the lessee the right and option to purchase the demised premises" during the term of the lease for the sum of $45,000. And in that case this court in reversing a trial court judgment for the lessor held "that the option to purchase was an integral part of the lease." And so it is here "the parties of the second part shall have the option of purchasing said premises, hereinbefore described, for the price of $32,600" is an integral part of the "Lease With Agreement To Sell." And the language of the provision is comparable to that involved in the cases in which it was assumed that an absolute option had been granted and indeed it is almost identical with the language in the Cummins case. And in the context of the agreement it is an absolute and unconditional option and the respondents, having given the proper notice, were entitled to specific performance as the court decreed. For the indicated reasons the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.