PUBLIC WATER SUPPLY DISTRICT NUMBER SEVEN OF JEFFERSON COUNTY, Missouri, Appellant,

v.

LEAD BELT WATER COMPANY and St. Joseph Lead Company, Respondents,

Herculaneum Citizens Improvement Association, and Perry, Adams & Lewis, Inc., Appellants.

No. 55469.

Supreme Court of Missouri, Division No. 2.

March 8, 1971.

Motion to Modify Opinion Denied April 12, 1971.

Gregory D. O'Shea, Lemay, for appellant.

Gerald K. Presberg, St. Louis, W. Oliver Rasch, Bonne Terre, for respondents.

Derrick & Holderle and Ronald A. McClary, St. Louis, for intervenor, Perry, Adams & Lewis, Inc.

STOCKARD, Commissioner.

Appellant, Public Water Supply District Number Seven of Jefferson County, Missouri (hereafter referred to as the "Water District") is a municipal corporation organized pursuant to Chapter 247, RSMo 1969, V.A.M.S. (All subsequent statutory references are to this revision). It entered into a contract with St. Joseph Lead Company (now St. Joe Minerals Corporation, and hereafter referred to as "St. Joe Min-

erals") to purchase the waterworks system located in the urban area known as Herculaneum, Missouri, owned and operated by its wholly owned subsidiary, Lead Belt Water Company (hereafter referred to as the "Water Company"), a public utility subject to the regulation of the Missouri Public Service Commission (hereafter sometimes referred to as the "Commission"). The subject of the contract of sale included real property. St. Joe Minerals refused to transfer the property, for reasons subsequently set forth, and the Water District brought suit in the Circuit Court of St. Francois County against St. Joe Minerals and the Water Company for a declaratory judgment in which it also sought specific performance of the contract. The trial court entered summary judgment for the named defendants and against the Water District. An appeal was taken to this court, which has jurisdiction on the basis that the relief sought would compel the transfer of title to real estate. For that reason it is a case "involving * * * the title to real estate." Dillen v. Edwards, Mo.App., 254 S.W.2d 44; Hillis v. Blanchard, Mo., 433 S.W.2d 276; McCrory v. Brinckmann, Mo.App., 379 S.W.2d 882.

One of the provisions of the contract is as follows:

"10. It is agreed that this agreement and the sale, transfers, and conveyances hereunder are subject to the Missouri Public Service Commission's approval of discontinuance of service by Lead Belt Water Company; that Purchaser will cooperate in an effort to obtain approval of discontinuance by Lead Belt Water Company; that if said approval is denied, this agreement will be of no further force and effect and Seller will refund to Purchaser the said sum of Twenty-Five Thousand and No/100 Dollars ($25,000.00) paid as above mentioned and thereafter the parties hereto shall be released from all obligations under this agreement."

Application was made to the Commission by the Water District and the Water Company for authority for the Water Company to cease operating as a public utility in the Herculaneum area. On February 15, 1968 the Commission issued its Report and Order in which it found that the "cessation by Lead Belt [Water Company] of the operation of such properties as a public utility is not detrimental to the public interest," and it was ordered that the Water Company "is hereby authorized to terminate and cancel its lease of such properties and to cease operating the same as a public utility." However, on February 28, 1968, a Supplemental Order in said case was issued in which the Commission conditioned its previous order as follows:

"The Commission is now of the opinion that the Report and Order in this case dated the 15th day of February 1968, should be supplemented as follows:

'Ordered: 3. Nothing in this Report and Order shall be construed as authorizing Lead Belt Water Company to cease operating as a public utility until such time as Lead Belt Water Company shall file with this Commission a certified copy of the Order of the Circuit Court of Jefferson County, declaring the Decree of Annexation herein referred to be final and conclusive, as provided by Section 247.-040 RSMo 1959.'"

This Supplemental Order has reference to the annexation to the Water District of the territory in which the Water Company operated, as provided by paragraph 8 of § 247.040. Subsequent to the Report and Order of the Commission, as supplemented, an election was conducted as required by Chapter 247 to determine whether the area in which the water system was located should be annexed to the Water District. The result of that election was adverse to annexation. For this reason, the condition set forth in the Supplemental Order of the Commission, namely, that a certified copy of the Order of the Circuit Court declaring the decree of annexation to be final and

conclusive be filed with the Commission, could not and, as conditions now exist, cannot be met. In other words, the Commission has not given its "approval of discontinuance of service by Lead Belt Water Company," as provided in paragraph 10 of the contract, except on a condition which has not been met.

The trial court, in entering its decree for summary judgment, found that the Water District "has no legal right or authority to acquire, maintain or operate the water distribution system owned by St. Joseph Lead Company and operated by Lead Belt Water Company and described in the Contract above mentioned because of [Water District's] failure to annex the territory within which said water distribution system is located as provided by § 247.-040(8) RSMo [1969], and because of the limitations of § 247.050(15) RSMo [1969]." This later statute provides that "The following powers are hereby conferred upon public water supply districts organized under the provisions of sections 247.010 to 247.220: * * * (15) to sell and distribute water to the inhabitants of the district and to consumers outside the district, delivered within or at the boundaries of the district."

In its brief on this appeal the Water District states that the issue in this case is whether a public water supply district formed under the provisions of Chapter 247 may "legally acquire and incidentally * * * operate a waterworks facility existing outside of its boundaries for the benefit of persons living within" the district. It then asserts that we should not now be concerned with what ultimately would be the position of the Commission, but if we should sustain the authority of the Water District to acquire the water system, the Commission would have no further interest in exercising its jurisdiction over the Water Company because it has already found the transfer to be in the public interest, and the continuity of water service to persons in the area will be assured.

We cannot accept this conclusion. The Public Service Commission has found that the cessation of the operation of the facilities in the area by the Water Company, a public utility, would not be detrimental to the public interest when the area in which the facilities are located was to become a part of the Water District, and the customers therein were to be served by it. This would mean that the consumers of water in the area would be transferred from the regulatory protection of the Public Service Commission as to service and rates to an unregulated municipal corporation, but in which the customers would have a voice in the management; such as the election of the board of directors, and the right to have a member of the board from that area. However, the Commission has not determined that it would be in the public interest to permit the Water Company to discontinue its service in the area when the required number "of the qualified voters residing within the boundaries" of the area to be annexed, see § 247.040, Paragraphs 6, 7 and 8, have not given their approval to the annexation, and when the customers therein are to be served by a supplier of water not subject to regulatory control by the Commission, and in which the customers would have no voice in the management of the Water District or in the selection of those who are to manage the District. We cannot assume that the Commission would rule either way on the issue.

█ What the Water District is asking this court to do is to decree specific performance of a contract for the sale to it of a water supply system when one of the express conditions of that contract is that the Commission must first approve the discontinuance of service by the seller. That means, of course, that the Commission is to approve the discontinuance of the service by the seller after considering the factual situation under which the transfer of the facilities is to be made. But, the Commission has not been requested to rule, and has not ruled, that the Water Company

should be permitted to discontinue its service as a regulated public utility under the factual situation that would exist if specific performance of the contract be decreed by this court.

Whether a Water District, organized as the one in this case, can "legally acquire and operate a waterworks facility existing outside of its boundaries" is not an issue for determination in this case. Assuming, but neither deciding nor even implying that it can, the Water District has no contract to acquire such a system except on an express condition which it has not met. The judgment of the trial court was for the right party.

 We note that in support of appellate jurisdiction being in this court, appellant water district points out that by its petition it seeks specific performance of the contract, and not just a declaratory judgment as to its statutory authority to acquire a waterworks system located outside its territorial limits, although its statement in its brief of the issue in this case would so imply. Should it now attempt to limit the relief sought, and thereby limit the issue to be that stated in its brief, this court would not have appellate jurisdiction.

One further matter requires consideration. Perry, Adams & Lewis, Inc., purchased certain revenue bonds from the Water District which had been issued to finance the purchase of the water system from the Water Company. It moved to intervene in this suit on the basis that it had a financial interest in the outcome, but its motion was overruled. It appealed from the denial of that motion, and its only contention on its appeal is that it should have been entitled to intervene. It does not present any argument or issue to this court on the merits of the appeal of the Water District. In view of our ruling on the merits of the Water District's appeal, we consider the only issue presented on the appeal of Perry, Adams & Lewis, Inc., to be moot.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.