*In re* ELWEN ESTATE

DIETERMAN v SWADLING

Docket No. 67640. Submitted December 6, 1983, at Grand Rapids.— Decided March 26, 1984.

Beth Marie Elwen died testate in 1982. Her daughter, Carol Dieterman, as personal representative of the estate of Beth Marie Elwen, deceased, began probate proceedings in Kalamazoo Probate Court. At that time, Floyd E. and Emma L. Swadling were living in the decedent's house and, apparently, had been for a period of up to ten years. Emma L. Swadling had spent those years taking care of the decedent's physical needs and financial affairs and maintaining the decedent's home. Dieterman, in order to raise capital for the administration of the estate, decided that the decedent's home must be sold. At that point, the Swadlings claimed that they were entitled to a life estate in the decedent's home under the terms of the will. They filed a demand for a jury trial in the probate court, whereupon Dieterman filed a motion for summary judgment on the basis that both parties were seeking a construction of the will and that the will was clear and unambiguous on its face and, therefore, subject only to judicial interpretation. The court, Donald A. Burge, J., granted the motion for summary judgment, finding that the Swadlings were not entitled to a jury trial, that the will was clear and unambiguous on its face, and that the Swadlings were not entitled to a life estate in the property. The Swadlings appealed. *Held:*

The probate court should have admitted extrinsic evidence offered by the Swadlings to demonstrate that a latent ambiguity existed even though on its face the terminology used in the will was clear and unambiguous. The decision of the probate court is reversed and the case is remanded for further proceedings. If the court on remand determines that there is an

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Wills §§ 1122-1514.
  Determination whether will is absolute or conditional. 1 ALR3d 1048.
[2] Am Jur 2d, Wills §§ 1281, 1282.
[3] Am Jur 2d, Wills §§ 1279-1355.

ambiguity, a jury should decide the factual issue of the testatrix's intent.

Reversed and remanded.

1. WILLS — AMBIGUITIES — JUDICIAL CONSTRUCTION.

A testator's intention is to be gleaned from the four corners of the will where there is no ambiguity involved; if an ambiguity exists, the court must look outside the four corners of the will in order to carry out the testator's intent.

2. WILLS — AMBIGUITIES — PATENT AMBIGUITIES — LATENT AMBIGUITIES.

An ambiguity in a will may be patent, *i.e.*, appearing on the face of the will, or latent, *i.e.*, the language employed is clear and intelligible and suggests a single meaning, but some extrinsic fact or extraneous evidence creates the possibility of more than one meaning.

3. WILLS — JUDICIAL CONSTRUCTION — EXTRINSIC EVIDENCE.

Extrinsic evidence is admissible in a proceeding to interpret a will in which an ambiguity may exist; the evidence is admissible to: (1) prove the existence of ambiguity; (2) indicate the actual intent of the testator; or (3) indicate the actual intent of the testator as an aid in construction.

*Garrett J. Troff & Associates, P.C.* (by *Gerald H. Moffat*), for petitioner.

*Lilly, Domeny & Durant, P.C.* (by *Terrence J. Lilly* and *Randall L. Brown*), for respondents.

Before: R. M. MAHER, P.J., and R. B. BURNS and J. G. ROSKOPP,* JJ.

PER CURIAM. The probate court granted petitioner's motion for summary judgment, ruling that under the terms of Beth Marie Elwen's will the respondents were not entitled to a life estate in certain property of the deceased.

The deceased died on January 11, 1982, survived by her son Joseph Lee Elwen and her daughter

* Circuit judge, sitting on the Court of Appeals by assignment.

Carol Dieterman. The fourth paragraph of the deceased's will read as follows:

"FOURTH: If at my death, I am the owner of my home at 3011 Nellbert Street, Kalamazoo, Michigan, or any other home, I give said property to my son, JOSEPH LEE ELWEN and my daughter, CAROL DIETERMAN, share and share alike. In the event only one person survives me, I give said property to the survivor subject however to the right of FLOYD EDWARD SWADLING and EMMA LOUIS [sic] SWADLING or in the event only one survives, to live at said property until their death with a life estate in said property except that in the event FLOYD EDWARD SWADLING and/or EMMA LOIS SWADLING move away from the premises or cease to live at the premises for any reason, then their right to live at the premises shall terminate."

The probate court granted petitioner's motion for summary judgment, ruling that respondents were not entitled to a jury trial in a will construction action because such an action is traditionally an equitable matter. The court found that a life estate would have been created in favor of the Swadlings only if one of decedent's children failed to survive her. That contingency did not occur, since both of the children were living at the time of decedent's death. Accordingly, the court found no basis upon which it could construe the plain language of the will as creating a life estate in favor of the Swadlings. Because the court found the will unambiguous, it ruled that parol testimony was inadmissible to show the testatrix's intention in making the will.

On appeal the respondents claim that the court should have allowed parol evidence to determine the intention of the testatrix.

Where there is no ambiguity in a will, the testator's intention is to be gleaned from the four

corners of the document. However, the presence of an ambiguity requires the court to look outside the four corners of the will in order to carry out the testator's intent. *In re Butterfield Estate,* 405 Mich 702; 275 NW2d 262 (1979). An ambiguity may be patent, that is, it appears on the face of the instrument, or latent, which arises where the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates the possibility of more than one meaning. *In re Butterfield Estate, supra; In re Kremlick Estate,* 417 Mich 237; 331 NW2d 228 (1983). In *Kremlick,* the Michigan Supreme Court held that extrinsic evidence is admissible: (1) to prove the existence of ambiguity; (2) to indicate the actual intent of the parties; and (3) to indicate the actual intent of the parties as an aid in construction. *Id.,* 241.

In the instant case, respondents argued at the hearing on the motion for summary judgment that the terminology "share and share alike" was ambiguous. The probate court did not agree and found it unnecessary to address the issue because it found the meaning of "share and share alike" was irrelevant to the dispute at hand. The court heard no extrinsic evidence relating to the testatrix's intention with respect to the use of the terminology "share and share alike". The *Kremlick* decision does support the argument that the trial court judge should have admitted extrinsic evidence offered by respondents to demonstrate that a latent ambiguity existed even though on its face "share and share alike" is clear and unambiguous. Based on *Kremlick,* we reverse the decision of the probate court and remand the case to it.

If the probate court on remand should determine that there is an ambiguity, a jury should decide the factual issue of the testatrix's intent.